**E-FILED**
Thursday, 23 March, 2006  10:28:37 AM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

**MELVIN JONES,**
              **Plaintiff,**

              **vs.**                                        **04-1027**

**ARTHUR D. FUNK, et al.,**
              **Defendants.**

## ORDER

This case is before the court for consideration of the defendant, Funk's, motion for summary judgment, d/e 58 and the plaintiff's response, d/e 66.

The defendant is a physician at the Pontiac Correctional Center who treated the plaintiff for an eye condition and afforded consultation with another physician. The plaintiff claims that the defendant was deliberately indifferent to a serious medical condition in the plaintiff's left eye and that as a result the plaintiff suffered damages.

The following undisputed facts are taken from the defendant's motion and are not contradicted except by the conclusory allegations of the defendant's response.

1.   Plaintiff was an inmate at the Pontiac Correctional Center from September of 2002through October 27, 2004. (See Jones Deposition, p.3.
2.   Plaintiff's Complaint against Dr. Funk is based upon Dr. Funk's failure to remove a growth from the Plaintiff's left eye. (See Jones Deposition, p. 10).
3.   Plaintiff is also claiming that Dr. Funk discriminated against him because he allegedly approved the removal of a mole from another inmate. (See Jones Deposition, pp. 11-12);
4.   During the relevant time frame, Plaintiff had a growth on his left eye. (See Affidavit of Dr. Funk and accompanying medical records.
5.   Plaintiff presented to the healthcare unit at the Pontiac Correctional Center

1

complaining of the growth in his eye in September of 2002. (See Affidavit of Dr. Funk and accompanying medical records).

6.    Melvin Jones was given prescription medication for the itching and burning in his eye in October 2002. (See Affidavit of Dr. Funk and accompanying medical records).

7.    When these did not assist the Plaintiff with his problem, Dr. Funk referred the Plaintiff to Dr. Joseph Harman at the Gailey Eye Clinic. (See Affidavit of Dr. Funk and accompanying medical records).

8.    Dr. Harman biopsied the Plaintiff's growth and removed as much of the growth as he could without creating scar tissue. (See Affidavit of Dr. Funk and accompanying medical records).

9.    The growth in Plaintiff's eye was found not to be malignant. (See Affidavit of Dr. Funk and accompanying medical records).

10.   Dr. Funk did not recommend removing the growth in its entirety based upon his conversations with Dr. Harman and his own educational training and background. (See Affidavit of Dr. Funk and accompanying medical records).

11.   Plaintiff complains that he suffers itching and burning due to the presence of the growth. (See Jones Deposition, p. 22).

12.   Plaintiff uses eye drops to address the itching and burning. He believes they help with those conditions. (See Jones Deposition, p. 22).

13.   Plaintiff also claims that he has headaches which he relates to the growth in his eye.  See Jones Deposition, pp. 19-20).

14.   The headaches of which Plaintiff complains are not medically related to the growth in Plaintiff's eye.  (See Affidavit of Dr. Funk and accompanying medical records).

15.   In fact, no physicians have advised Mr. Jones that his headaches have anything to do with his eyes. (See Jones Deposition, p. 22).

16.   Following the partial removal of the growth from Plaintiff's eye for the biopsy, it grew back even larger. (See Jones Deposition, pp. 28-29).

17.   No physician has advised Melvin Jones that removing the growth would keep it from growing back. (See Jones Deposition, p. 29).

18.   Theodore Luczak was an inmate at the Pontiac Correctional Center at the time he signed an Affidavit concerning the removal of his mole. (See Affidavit of Theodore Luczak.)

19.   Luczak's affidavit indicates that Mr. Luczak had a mole removed by Dr. Scot.

2

20.    Plaintiff has no information to indicate that Dr. Funk had anything to do with the removal of that mole.

21.    Risks of removing the growth from the Plaintiff's left eye outweigh the benefits available to the Plaintiff. (See Affidavit of Dr. Funk and accompanying medical records).

22.    Dr. Funk is not Polish. (See Affidavit of Dr. Funk and accompanying medical records).

## Standards for Summary Judgment

A party moving for summary judgment must show, from the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, . . ." that there is no genuine issue of material fact and that the "moving party is entitled to judgment as a matter of law. *Outlaw v. Newkirk*, 259 F.3d 833, 837 (7th Cir. 2001), *citing Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986);Fed. R. Civ. P.56©); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Herman v. National Broadcasting Co., Inc.*, 744 F.2d 604, 607 (7th Cir. 1984), *cert. denied*, 470 U.S. 1028 (1985).

In determining whether factual issues exist, the court must view all the evidence in the light most favorable to the non-moving party. *Beraha v. Baxter Health Corp.*, 956 F.2d 1436, 1440 (7th Cir. 1992). However, Rule 56©) "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party there is no 'genuine' issue for trial." *Mechnig v. Sears, Roebuck & Co.*, 864 F.2d 1359 (7th Cir. 1988). A "metaphysical doubt" will not suffice. *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Disputed facts are material only if they might affect the outcome of the suit. *First Ind. Bank v. Baker*, 957 F.2d 506, 507-08 (7th Cir. 1992). "Summary judgement is not a discretionary remedy. If the plaintiff lacks enough evidence, summary judgement must be granted." *Jones v. Johnson*, 26 F.3d 727, 728 (7th Cir. 1994).

## Eighth Amendment and Deliberate Indifference to a Serious Medical Condition

Deliberate indifference to a serious injury or medical need violates a prisoner's rights under the Eighth Amendment to be free from cruel and unusual punishment. *Chapman v. Keltner*, 241 F.3d 842, 845 (7th Cir. 2001); *Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001), *citing Estelle v. Gamble*, 429 U.S. 153, 182-83 (1976). However, malpractice or disagreement with a doctor's treatment decisions cannot be the basis for an Eighth Amendment challenge. *Steele v. Choi*, 82 F.3d 175, 178-79 (7th Cir. 1996); *Snipes v. DeTella*, 95 F.3d 586, 592 (7th Cir. 1996).

Here the undisputed facts show that Jones was not denied treatment but instead found fault with the treatment and the results. As noted above disagreement with the treatment provided or claims of malpractice do not rise to the level of an Eighth Amendment violation.

Equal Protection

"In the prison context, the Equal Protection Clause of the Fourteenth Amendment requires inmates to be treated equally, unless unequal treatment bears a rational relation to a legitimate penal interest."[1]  *May v. Sheahan*, 226 F.3d 876, 882 (7th Cir. 2000)(*citations omitted*).

A person bringing a action under the Equal Protection Clause must show *intentional* discrimination against him *because of his membership in* a *particular class,* not merely that he was treated unfairly as an individual." *Huebschen v. Dept. of Health and Social Serv.*, 716 F.2d 1167, 1171 (7th Cir. 1983) (emphasis added).

Jones fails in showing that there was intentional discrimination against him because of his membership in a particular class. His equal protection claim therefore fails.

Final Order

**It is therefore ordered** that the motion of the defendant Funk for summary judgment d/e 58 is allowed.. Any other pending matters are rendered moot and the clerk

is directed to terminate the case and enter final judgment in favor of the defendants and each of them.  The parties shall bear their own costs.

   If the plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within 30 days of the entry of judgment.  Fed. R. App. P. 4(a)(4).  A motion for leave to appeal *in forma pauperis* should set forth the issues the plaintiff plans to present on appeal.  *See* Fed. R. App. P. 24(a)(1)©).  If the plaintiff does choose to appeal, he will be liable for the $255.00 appellate filing fee irrespective of the outcome of the appeal.  Furthermore, if the appeal is found to be non-meritorious, the plaintiff may also accumulate another strike under 28 U.S.C. 1915(g).

   Enter this _23rd____ day of March 2006.


                          **s\Harold A. Baker**
                  _____
                         Harold A. Baker
                    United States District Judge